IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| The NATIONAL FEDERATION OF THE BLIND OF ALABAMA, GAIL SMITH, JILL ROSSITER, and ERIC PEEBLES,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WES ALLEN *in his official capacity as Secretary of State of Alabama*,<br><br>*Defendant*. | **Case No.: 22-cv-00721-CLM** |

**PLAINTIFFS' RESPONSE TO SECRETARY ALLEN'S
RESPONSE TO ORDER (DOC. 24)**

The Defendant, Secretary of State Wes Allen, was ordered by this Court to "explain . . . how the state implements new voter initiatives and what impact that process has on the pending arguments." (Doc. 24). Secretary Allen failed to provide an explanation, arguing, instead, that he plays a "limited role" in Alabama elections, Def.'s Br. at 1, Doc. 26, and is, therefore, not the proper defendant. However, at the same time, he cites to an Alabama regulation issued by his own Office that shows he has the authority to grant the exact relief Plaintiffs seek—access to the electronic absentee voting system—through establishing eligibility criteria and directing Absentee Election Managers to follow those criteria. Far from showing that he

cannot implement new voter initiatives, Secretary Allen merely protests that "there is no standardized way" he implements new voter initiatives because it "varies," *Id.* But he fails to explain the varied circumstances and downplays the fact that his Office has implemented such programs in the past. Aside from being nonresponsive to the Court's requests, these arguments and assertions fail as a matter of law and fact.

## I. Secretary Allen Has the Authority and Responsibility to Implement New Voter Initiatives and His Office Has Done So in the Past.

Contrary to Secretary Allen's contentions, Plaintiffs are not requesting this Court to have Secretary Allen "commandeer local election officials' authority." *Id.* Rather, Plaintiffs request that he comply with Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, 28 C.F.R. Part 35, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 *et seq.*, by allowing local election officials to offer people with vision and print disabilities the same right as nondisabled voters: the right to vote privately and independently. To provide this relief, all Secretary Allen must do is designate voters with print disabilities as eligible to vote absentee using the absentee electronic system that he already provides and local election officials already use for overseas and military voters.

Secretary Allen cannot dispute his control over eligibility for the absentee program. As explained in Plaintiffs' Opposition to the Defendant's Motion to Dismiss, Secretary Allen is responsible for implementing "uniform guidance for

2

election activities" which includes "rule making authority." Pls.' Opp'n to Def.'s Mot. to Dismiss ["Pls.' Opp'n"] at 3–4 (quoting Ala. Code. § 17-1-3), Doc. 18. Specifically, he oversees the implementation of the absentee voting program, which includes the electronic program to which Plaintiffs seek access. Ala. Code §§ 17-11-3, 17-11-5; *see also* Pls.' Opp'n at 2–6.

Actions that Secretary Merrill, Secretary Allen's predecessor and the original defendant in this case, took demonstrate that the Secretary has the authority to implement, and in fact has implemented, new voter initiatives. First, during the height of the COVID-19 pandemic, Secretary Merrill greatly expanded the state's absentee voting program—one of the most restrictive in the country, which only permitted voters with specifically enumerated excuses to vote absentee—by promulgating rules that allowed all voters to vote absentee in the 2020 Primary and General Elections, *see* Ala. Admin. Code r. 820-2-3-.06-.01ER; (Mar. 18, 2020)[1]; Ala. Admin. Code r. 820-2-3-.06-.01; Ala. Admin. Code r. 820-2-3-.06-.01 (July 14, 2020), as well as in state and municipal elections, *see, e.g.*, Ala. Admin. Code r. 820-2-3-.06-.01 (July 17, 2020). In doing so, Secretary Merrill ordered all county elections officials to ignore the existing restrictions on absentee voting and permit voters to claim an excuse that was not normally available to them to vote absentee.

---

[1] https://www.alabamapublichealth.gov/legal/assets/order-secretarystate-031820.pdf (last visited Feb. 6, 2023).

Second, in 2020, Secretary Merrill implemented a ban on curbside voting because he believed it did not comply with Alabama law, even though "no Alabama statute specifically prohibit[ed] curbside voting" and the Alabama legislature had not expressly granted him the power to enact such a ban. *People First of Alabama v. Merrill*, 467 F. Supp. 3d 1179, 1199 (N.D. Ala. 2020). Pursuant to his ban, Secretary Merrill shut down two curbside voting operations county elections officials had established. *Id.* To do so, Secretary Merrill "contacted the counties in question and advised them that they were conducting an election in violation of State law." *Id.* Thus, Secretary Allen has the power to implement "new voter initiatives," (Doc. 24), including expanding—or limiting—who is eligible to vote and the manner in which they may vote.

## II. Plaintiffs Have Standing to Sue Secretary Allen and he is a Proper Defendant.

Instead of responding to the Court's specific request for supplemental briefing on how Alabama implements new voter initiatives, Secretary Allen repeats the traceability and redressability arguments from his initial brief. Def.'s Br. at 5. But repeating these arguments does not change the fact that they are wrong.[2]

To establish traceability, all Plaintiffs must show is that their injury is fairly traceable to Secretary Allen's conduct as opposed to solely the action of an absent

---

[2] Plaintiffs are responding to Secretary Allen's renewed arguments regarding traceability and redressability to prevent a waiver of the issue.

4

third party. Traceability does not require a direct connection between the Plaintiffs and Secretary Allen. *See Alabama-Tombigbee Rivers Coal v. Norton*, 338 F.3d 1244, 1254–55 (11th Cir. 2003). Rather, Plaintiffs' injuries are fairly traceable to Secretary Allen if his actions might constrain or influence the conduct of third parties who are inflicting the harm. *See id.* To establish redressability, Plaintiffs must show only that Secretary Allen can "likely" provide complete *or partial* relief. *Id.* at 1256 (emphasis added); *see Lujan v. Nat'l Wildlife,* 504 U.S. 555, 569 n. 4 (1992).

Secretary Allen argues that Plaintiffs cannot establish traceability because he does not exert control over Absentee Election Managers ("AEM"). Def.'s Br. at 5. The actions of Secretary Merrill discussed above—the expansion of the absentee voting program and closure of two county curbside voting sites that violated his ban—show that this is not true. That the AEMs are involved in the electronic absentee voting program only bolsters Plaintiffs' argument that Secretary Allen has the power to provide the relief they seek.

First, AEMs can only accept electronic ballots if Secretary Allen permits them to do so. *See* Ala. Code § 17-11-5(a) ("Upon receipt of an application for an absentee ballot . . . if the applicant's name appears on the list of qualified voters . . . the [AEMs] shall furnish the absentee ballot."); Ala. Code § 17-11-3.1(b) ("The Secretary of State shall adopt rules that provide a process for a voter . . . to be placed on an absentee voter list."); Ala. Code § 17-11-41(a) ("The Alabama Electronic

5

Overseas Voting Advisory Committee is created . . . to advise and assist the office of the Secretary of State in the establishment, testing, and implementation of absentee overseas balloting by secure electronic means").

Second, once this Court orders Secretary Allen to make Plaintiffs eligible for the electronic system, AEMs will comply with their statutory obligation to accept ballots from "qualified voters," *Alabama-Tombigbee Rivers Coal.*, 388 F.3d at 1256; Ala. Code § 17-11-5(a), and Secretary Allen has the power to make them comply. If the AEMs refuse to accept Plaintiffs' ballots after the Court has ordered Secretary Allen to designate them as qualified, not only may the Secretary take action against noncompliant AEMs, but Plaintiffs will then have a separate action against the AEMs.[3]

As explained in Plaintiffs' Opposition, Secretary Allen is the proper defendant. The Eleventh Circuit found that if the defendant is "the state official designated to enforce" a rule, then that state official is the proper defendant. *Am. Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1490. (11th Cir. 1993). Here, Secretary Allen has the power to decide who is eligible to vote absentee and

---

[3] Secretary Allen cites *Support Working Animals, Inc. v. Governor of Florida*, 8 F.4th 1198, 1205 (11th Cir. 2021), for the proposition that he cannot provide redress for Plaintiffs' claim because AEMs can ignore him. Def.'s Br. at 2. But, as explained above, Plaintiffs first need Secretary Allen to permit them access to the electronic system before the AEMs can accept them. If, after Secretary Allen permits Plaintiffs access, the AEMs do not permit them to access the electronic absentee voting system, then Plaintiffs would have a separate cause of action against them.

use the electronic system. *See* Ala. Code § 17-11-1 *et seq.*; *see also People First of Alabama,* 467 F. Supp. 3d 1179, 1199 (N.D. Ala. 2020). Thus, Secretary Allen is the proper defendant.

Secretary Allen again relies on *Jacobson v. Florida Secretary of State*, 974 F.3d 1236 (11th Cir. 2020), to argue that he is not the proper defendant, but this case is still readily distinguishable. *See* Pls.' Opp'n at 3–4. Unlike *Jacobson*, Plaintiffs here did not name Secretary Allen as a Defendant only because he is the "chief elections official in the state." Ala. Code § 17-1-3. Plaintiffs named the Secretary because they need him to approve them as qualified to use the electronic system. In addition, Secretary Allen controls the electronic absentee ballot system to which Plaintiffs seek access, *see* Pls.' Opp'n at 2, while in *Jacobson*, Florida's Secretary of State had no role in designing the ballots the plaintiffs were challenging, *see Jacobson*, 957 F.3d at 1208.

Secretary Allen's Supplemental Brief provides further support for his authority to permit Plaintiffs to access to the electronic absentee ballot system. In citing Ala. Admin Code r. 820-2-10-.06(2)(a)(b), a regulation that the Alabama Secretary of State issued, Secretary Allen points this Court to a rule demonstrating that not only does he control access to the electronic absentee ballot system, but he has exercised this control by establishing the eligibility criteria, directing the AEMs to follow that criteria, and establishing the process through which AEMs determine

whether voters satisfy the eligibility criteria. *See* Ala. Admin Code r. 820-2-10-.06(2)(a) ("Only the following voters are eligible to return an absentee ballot by electronic transmission: . . . ."); *id.* (b) ("The absentee election manager shall determine the eligibility of the absentee voter to return the absentee ballot by electronic transmission by evaluating the absentee ballot application submitted by said voter."). In short, the past actions of the Secretary demonstrate how he implements new voter initiatives and that he, in fact, has the authority and ability to do so. Thus, Secretary Allen has no colorable argument that a ruling against him is not likely to redress Plaintiffs' injury.

## CONCLUSION

For the foregoing reasons, Defendant Secretary Allen has the authority to implement the relief Plaintiffs seek and has implemented similar voter initiatives in the past. Additionally, Secretary Allen is a proper defendant because Plaintiffs' claim is traceable to him and redressable by him.

Dated: February 10, 2023            Respectfully submitted,

*/s/ Eve L. Hill*
Eve L. Hill*
Jason C. Harary*
Brown Goldstein & Levy
120 E. Baltimore St., Ste. 2500
Baltimore, MD 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)

ehill@browngold.com
jharary@browngold.com

William Van Der Pol, Jr.
Ryne Smith
Alabama Disabilities Advocacy Program
2008 12th Street Tuscaloosa, AL 35401
(205) 348-4928 (phone)
wvanderpoljr@adap.ua.edu
rsmith@adap.ua.edu

Bradley Heard*
Matletha Bennette**
Ahmed Soussi*
Southern Poverty Law Center
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
(470) 521-6700 (phone)
bradley.heard@splcenter.org
matletha.bennette@splcenter.org
ahmed.soussi@splcenter.org

*Admitted *Pro Hac Vice*

** Pending *Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I electronically filed the foregoing Plaintiffs' Response to Secretary Allen's Response to Order (Doc. 24) with the Clerk of Court using AlaFile, which will send notification of such filing to all counsel of record.

Dated:       February 10, 2023

/s/ Eve L. Hill
Eve L. Hill

*Counsel for Plaintiffs*